RECORD NO. 18-4258

IN THE

*United States Court of Appeals*

FOR THE SIXTH CIRCUIT

OHIO A. PHILIP RANDOLPH INSTITUTE; LEAGUE OF WOMEN VOTERS OF OHIO; LINDA GOLDENHAR; DOUGLAS BURKS; SARAH INSKEEP; CYNTHIA LIBSTER; KATHRYN DEITSCH; LUANN BOOTHE; MARK JOHN GRIFFITHS; LAWRENCE NADLER; CHITRA WALKER; RIA MEGNIN; ANDREW HARRIS; AARON DAGRES; ELIZABETH MYER; TERESA THOBABEN; CONSTANCE RUBIN; HAMILTON COUNTY YOUNG DEMOCRATS; TRISTAN RADER; NORTHEAST OHIO YOUNG BLACK DEMOCRATS; BETH HUTTON; THE OHIO STATE UNIVERSITY COLLEGE DEMOCRATS,

*Plaintiffs-Appellees,*

GOVERNOR JOHN R. KASICH, In his official capacity; JON HUSTED, Secretary of State, in his official capacity; LARRY OBHOF, President of the Ohio Senate, in his official capacity; RYAN SMITH,

*Defendants-Appellees,*

v.

REPUBLICAN NATIONAL COMMITTEE; ADAM KINCAID; NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE,

*Movants-Appellants,*

and

STEVE CHABOT, *et al.*,

*Intervenors.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
AT CINCINNATI

**EMERGENCY MOTION TO EXPEDITE**

Jason Torchinsky
HOLTZMAN VOGEL
JOSEFIAK TORCHINSKY
45 N. Hill Drive
Suite 100
Warrenton, VA 20186
540-341-8808

*Counsel for Appellants.*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................. ii

EMERGENCY MOTION TO EXPEDITE ...........................................................1

MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION TO EXPEDITE ..............................................................................................................2

INTRODUCTION ..................................................................................................2

JURISDICTION .....................................................................................................5

STANDARD OF REVIEW ....................................................................................6

ARGUMENT ..........................................................................................................7

    I.       EXPEDITED REVIEW IS WARRANTED IN THIS CASE ....................7

CONCLUSION .......................................................................................................8

CERTIFICATE OF COMPLIANCE ....................................................................10

CERTIFICATE OF SERVICE ..............................................................................11

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS .............12

# TABLE OF AUTHORITIES

## CASES

*Black Panther Party v. Smith*,
 661 F.2d 1243 (D.C. Cir. 1981) ...................................................................8

*Buckley v. Valeo*,
 424 U.S. 1 (1976)..........................................................................................7

*Carey v. Wynn*,
 439 U.S. 8 (1978)..........................................................................................6

*Chesher v. Allen*,
 122 Fed. Appx. 184 (6th Cir. 2005) ..............................................................6

*Daniel v. Waters*,
 515 F.2d 485 (6th Cir. 1975)........................................................................6

*Goldstein v. Cox*,
 396 U.S. 471 (1970*)*....................................................................................6

*Holt-Orsted v. City of Dickson*,
 641 F.3d 230 (2011)......................................................................................5

*League of Women Voters of Mich., et al. v. Johnson, et al.*,
 No. 18-1437 (6th Cir. April 26, 2018)..........................................................6

*League of Women Voters of N.C. v. North Carolina*,
 769 F.3d 224 (4th Cir. 2014) ........................................................................6

*MTM, Inc. v. Baxley*,
 420 U.S. 799 (1975)......................................................................................6

*Obama for Am. v. Husted*,
 697 F.3d 423 (6th Cir. Oct. 5, 2012) ............................................................6

*In re: Perrigo Co.*,
 128 F.3d 430 (6th Cir. 1997)........................................................................5

*Perry v. Schwarzenegger*,
 2009 U.S. App. LEXIS 27064 (9th Cir. 2009) .................................................5

*Stolt-Nielsen Transport Group, Inc. v. Celanese AG*,
 430 F.3d 567 (2d Cir. 2005) ..............................................................................5

*In re: Subpoenas Served on RNC, NRCC, and Adam Kincaid*,
 No. 18-mc-140 (D.D.C. 2018) ................................................................2, 3, 7

## STATUTES & RULES

28 U.S.C. § 1657 .......................................................................................................1, 6, 7

Fed. R. App. P. 2 .............................................................................................................1, 7

## LOCAL RULES

6th Cir. R. 27(f) ............................................................................................................1, 6, 7

iii

# EMERGENCY MOTION TO EXPEDITE

Pursuant to Fed. R. App. P. 2 and 27, 6th Cir. R. 27(f), and 28 U.S.C. § 1657, Appellants, Republican National Committee ("RNC"), National Republican Congressional Committee ("NRCC"), and Adam Kincaid ("Kincaid") (collectively "Appellants"), move this Court for an order entering the expedited briefing schedule set forth below and to expedite its ruling in this appeal. Due to the time sensitive nature of this appeal, Appellants do not request oral argument. If, however, this Court orders oral argument on this Motion, Appellants respectfully request that it be heard at the Court's earliest possible date.

Appellants have conferred with counsel for Plaintiffs who agree to the following briefing schedule:

- Appellants' Opening Brief: January 4, 2019;
- Plaintiffs' Response Brief: January 11, 2019;
- Appellants' Reply Brief: January 15, 2019.

# MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION TO EXPEDITE

# INTRODUCTION

Over seven years and three election cycles after the 2011 congressional reapportionment, various individual voters, and Democratic and non-profit organizations ("Appellees") challenged Ohio's Congressional Districts as partisan gerrymanders in violation of the First and Fourteenth Amendments. *See generally* Second Amend. Compl. (ECF No. 37) (Page ID# 287).

Appellees sent subpoenas to the Republican National Committee ("RNC"), National Republican Congressional Committee ("NRCC"), and Adam Kincaid[1] ("Kincaid") (collectively "Appellants"), all of whom are non-parties in the matter below. Appellees requested documents from six to nine years ago: from 2009 through the end of 2012. Appellees contend that they seek these documents to prove whether Ohio legislators drew congressional districts with partisan intent. *See* Pls.' Mot. to Compel, *In re: Subpoenas Served on RNC, NRCC, and Adam Kincaid*, No. 18-mc-140 (D.D.C. October 12, 2018) (ECF No. 1-1 at 3, 22-23)[2]; *see also*

---

[1] Mr. Kincaid was the NRCC's redistricting coordinator in 2011.
[2] The case was transferred to the Southern District of Ohio from the U.S. District for the District of Columbia by order of Judge Contreras over the objection of Appellants. *See* Order Granting Transfer, *In re: Subpoenas Served on RNC, NRCC, and Adam Kincaid*, No. 18-mc-140 (ECF No. 12) (D.D.C. October 31, 2018).

Supplemental Memorandum Supporting Pls.' Mot. Compel (ECF No. 97) (Page ID# 918-925). The Plaintiffs moved to compel on October 12, 2018. *Id*.

Appellants, RNC, NRCC, and Kincaid, have resisted disclosure of certain documents and communications under, *inter alia*, the First Amendment Privilege. Opposition to Mot. to Compel, *In re: Subpoenas Served on RNC, NRCC, and Adam Kincaid*, No. 18-mc-140 (D.D.C. October 26, 2018) (ECF No. 11 at 6-31)[3]; *see also* Supplemental Memorandum in Opposition to Mot. to Compel (ECF No. 96) (Page ID# 904-917). After supplemental briefing by both parties, the district court for the Southern District of Ohio granted Plaintiffs' Motion to Compel, denying *all* of Appellants' privilege assertions. (ECF No. 128) (Page ID# 3465-3483) (three-judge court). In apparent acknowledgement of the importance of the privileges asserted by Appellants as well as in accommodation of the appellate process, the district court also ordered that "files produced in response to this Order temporarily shall be designated 'Attorneys' Eyes Only'" and "may be shared only with attorneys representing the Parties *in this case*" during the pendency of this appeal. Order (ECF No. 128) (Page ID# 3482) (emphasis added).

Currently, no document produced under the district court's "Attorneys'-Eyes-Only" provision may be used in any filing in the district court or at trial except by

---

[3] Due to a docketing error, the docket caption in the District Court for the District of Columbia is "Memorandum in Opposition to Mot. to Transfer."

3

leave of the district court. *See id*. The district court order also instructed the parties that should the Court be overturned on appeal, "attorneys will immediately destroy or return to [Appellants'] counsel all copies of the documents and files, as well as any work product that resulted in whole or in part from the Attorneys'-Eyes-Only documents . . . ." *Id*.

Expedited consideration of this appeal is necessary given the upcoming pretrial and trial deadlines in this matter. These deadlines include:

- January 8, 2019: Dispositive Motions Deadline;
- January 18, 2019: Motions *in limine* due;
- January 18, 2019: Final Pretrial Order due;
- February 11, 2019: Final Pretrial Conference;
- March 4, 2019: Trial.

Calendar Order (ECF No. 41) (Page ID# 354-356). In addition, Plaintiffs-Appellees and Appellants are currently negotiating the details concerning a supplemental deposition of Mr. Kincaid.[4] As such, expedited relief is necessary so that all parties may prepare and draft their various pre-trial motions and properly prepare for trial with some certainty as to the status of the documents and the filings prepared

---

[4] Mr. Kincaid's deposition was originally taken prior to the district court's Order granting the Motion to Compel. As such, Mr. Kincaid was instructed not to answer certain questions on the basis of the First Amendment Privilege, which is the subject of this appeal.

4

therefrom. Furthermore, an expedited appeal is necessary to fully protect Appellants' rights.

Given the ever increasing risk to Appellants and these quickly approaching deadlines, Appellants seek—consistent with the schedule to which Plaintiffs have consented—expedited consideration of this Appeal.

## **JURISDICTION**

Jurisdiction is proper before this Court under the collateral order doctrine or, alternatively, through the exercise of this Court's mandamus jurisdiction. Typically, appeals of discovery orders, even by non-parties, are not reviewable under the collateral order doctrine. *See Holt-Orsted v. City of Dickson*, 641 F.3d 230, 236 (2011); *see also Stolt-Nielsen Transp. Group, Inc. v. Celanese AG*, 430 F.3d 567, 574 (2d Cir. 2005). However, appeals taken from a denial of a third-parties' First Amendment privilege represents a special case which is reviewable under the collateral order doctrine. *See Perry v. Schwarzenegger*, 2009 U.S. App. LEXIS 27064, *10-11 (9th Cir. 2009). Alternatively, review under this Court's mandamus jurisdiction is appropriate in this case. The Sixth Circuit takes a "flexible rather than a rigid approach" to mandamus review. *See In re: Perrigo Co.*, 128 F.3d 430, 435 (6th Cir. 1997) (internal quotations omitted). "[M]andamus is particularly appropriate to review discovery decisions that would not be appealable until final

judgment, especially decisions related to privileges." *Chesher v. Allen*, 122 Fed. Appx. 184, 187 (6th Cir. 2005) (per curiam).

Finally, even though this is an appeal from a three-judge panel, the appeal is properly before this Court because the order appealed from does not involve the grant or denial of an injunction concerning the merits of Plaintiffs' underlying constitutional claims. *See MTM, Inc. v. Baxley*, 420 U.S. 799, 803 (1975); *Carey v. Wynn,* 439 U.S. 8, 8 (1978) (per curiam); *Goldstein v. Cox,* 396 U.S. 471, 478-79 (1970*); Daniel v. Waters,* 515 F.2d 485, 487-88 (6th Cir. 1975) (holding that appeal of three-judge panel order concerning abstention was properly before the Sixth Circuit and not before the U.S. Supreme Court).

Therefore, this appeal is properly before this Court.

## STANDARD OF REVIEW

Appellants must show good cause to expedite an appeal. *See* 6 Cir. R. 27(f). Good cause is shown "where a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit." 28 U.S.C. § 1657. Motions to expedite in election law cases are routinely granted. *See, e.g., League of Women Voters of Mich., et al. v. Johnson, et al.*, No. 18-1437 (6th Cir. April 26, 2018) (Dkt. No. 8-1) (granting unopposed motion to expedite); *Obama for Am. v. Husted*, No. 12-4055, 12-4076 (6th Cir. Sept. 10, 2012) (appeal docketed), 697 F.3d 423 (6th Cir.

6

Oct. 5, 2012) (opinion and order issued); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 235 (4th Cir. 2014) (order appealed from filed August 8, 2014, argued Sept. 25, 2014, and decision filed October 1, 2014).

## ARGUMENT

### I. EXPEDITED REVIEW IS WARRANTED IN THIS CASE.

Challenges involving constitutional rights constitute good cause for expediting an appeal. 28 U.S.C. § 1657; *see also* Fed. R. App. P. 2; 6th Cir. R. 27(f). The underlying action is a challenge to Ohio's 2011 apportionment plans which is itself a constitutional claim. *See* Second Amend. Compl. (ECF No. 37) (Page ID# 287). Plaintiffs-Appellees requested disclosure of numerous documents and information is soundly within the First Amendment privilege, which is also a right under the Constitution. Opposition to Mot. to Compel, *In re: Subpoenas Served on RNC, NRCC, and Adam Kincaid*, No. 18-mc-140 (D.D.C. October 26, 2018) (ECF No. 11 at 6-31)[5]; *see also* Supplemental Memorandum in Opposition to Mot. to Compel (ECF No. 96) (Page ID# 904-917).

The right to free speech is enhanced through associating with others. *See Buckley v. Valeo*, 424 U.S. 1, 15 (1976). In asserting a claim of First Amendment privilege, the asserting party must make only a *prima facie* showing that disclosure

---

[5] Due to a docketing error, the docket caption in the District Court for the District of Columbia is "Memorandum in Opposition to Mot. to Transfer."

7

could infringe on its First Amendment rights. *Black Panther Party v. Smith*, 661 F.2d 1243, 1267-68 (D.C. Cir. 1981). The district court found that Appellants made such a showing. *See* Order Granting Mot. Compel (ECF No. 128) (Page ID# 3472-3473). The district court, however, went on to conduct an incorrect analysis on whether disclosure is warranted despite this *prima facie* showing. *Id*. at (Page ID# 3473-3476). As such, Appellants risk severe injury should this Court not expeditiously overturn the district court's decision. Given the scope of the district court's order allowing for the "Attorneys' Eyes Only" provision, a ruling on this appeal is essential before going to trial. First, the compelled productions are bound to be used in both filings in the district court and in open court at trial. Such use would work direct harm on Appellants associational interests. Second, should this case not be granted expedited review, there is a significant possibility that the entire trial would have to be restarted if this Court subsequently orders that the documents were properly privileged. This would undoubtedly cause significant prejudice to all parties.

## **CONCLUSION**

This Court should grant Appellants' Motion to Expedite. The underlying litigation involves a constitutional challenge to Ohio's congressional districts and the issue on appeal is also one of constitutional implications. Therefore, expedited appeal is proper under the federal and local rules and should be granted.

Dated: December 31, 2018  Respectfully submitted,

*/s/Jason Torchinsky*
Jason Torchinsky
Shawn T. Sheehy
Phillip M. Gordon
Holtzman Vogel Josefiak
Torchinsky PLLC
P: (540) 341-8808
F: (540) 341-8809
jtorchinsky@hvjt.law
ssheehy@hvjt.law
pgordon@hvjt.law
*Counsel for Appellants*
*Republican National Committee,*
*National Republican*
*Congressional Committee,*
*Adam Kincaid.*

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

**Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because the brief contains 1,703 words, excluding the parts of the brief exempted by rule.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because the brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman style.

> By: */s/Jason Brett Torchinsky*
> Jason B. Torchinsky
> *Attorney for Appellants*
> *Republican National Committee,*
> *National Republican*
> *Congressional Committee,*
> *Adam Kincaid.*

# CERTIFICATE OF SERVICE

On December 31, 2018, I certified that I filed the foregoing with the Clerk of the Court using the CM/ECF system, which then sent a notification of electronic filing to all counsel of record.

By: */s/Jason Brett Torchinsky*
Jason B. Torchinsky
*Attorney for Appellants*
*Republican National Committee,*
*National Republican*
*Congressional Committee,*
*Adam Kincaid.*

# DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| ECF No. 37  | Second Amended Complaint                         | Page ID# 286-339    |
| ECF No. 41  | Calendar Order                                   | Page ID# 354-356    |
| ECF No. 96  | Supplemental Memorandum Opposing Motion to Compel | Page ID# 904-917    |
| ECF No. 97  | Supplemental Memorandum Supporting Motion to Compel | Page ID# 918-925 |
| ECF No. 128 | Order Granting Motion to Compel                  | Page ID# 3465-3483  |
| ECF No. 129 | Emergency Motion to Stay Pending Appeal          | Page ID# 3484-3501  |
| ECF No. 130 | Notice of Appeal                                 | Page ID# 3502-3504  |
| ECF No. 131 | Minute Entry and Notation Order                  | Page ID# N/A        |